Howell, J.
The defendant has appealed from a judgment upon an information for libel, sentencing him to pay a fine of three hundred *247 and fifty dollars, and in default of payment to be confined in the parish jail for six months.
The information charges that the defendant “did maliciously defame one Pauline Rose, * * * by writing a certain letter containing libelous words, to wit: that she had, on the evening of the sixth of ■October, 1872, * * * committed adultery * * * with a man designated and styled by said Willers as an engineer; that the said Willers sent said letter, containing said libel, to said C. W. Rose, the, husband of the said Pauline Rose, with the malicious intention of defaming the character of the said Pauline Rose, contrary to the form ■of the statute,” etc.
To prove the libel, the district attorney offered in evidence a letter written in the German language, and purporting to be signed by the defendant, and to which objection was made on the grounds:
Mrst — That the alleged libelous letter and matters charged in the information are set forth therein in the English language, and the information does not contain an allegation of any letter or matters written in German by the defendant.
Second — That no evidence is admissible of a libelous letter or matters written in a foreign language, unless the alleged libelous letter or matters be specifically set forth in the information in such language in liceo verba, and that a letter written in German is inadmissible to prove an alleged libelous matter set forth, as in this case, in the English language.
Third — That there is a radical variance between the evidence offered and the allegations of the information.
The defendant also excepted to an interpreter offered to translate the German letter for the jury, on virtually the same grounds.
The judge did not err. The variance between the material allegations and the proof is not such as to require the exclusion of the evidence offered. Defamation by libel is the offense charged. The law is: “ Whoever shall maliciously defame any person by making, writing, publishing, or causing to be published any manner of libel, shall, on conviction thereof, suffer fine or imprisonment, or both, at the discretion of the court.” R. S., sec. 804; and section 1051 provides that “In all'other cases (not mentioned in the preceding sections) whenever it shall be necessary to make any averments in an indictment as to any instrument, whether the same consists wholly or in part of writing, print or figures, it shall be sufficient to describe such instrument by any name or designation by which the same may be usually known, or by the purport thereof, without setting out any copy or fac simile of the whole or any part thereof.”
These statutes take this case out of the strict rules of the common. *248 law, and the purport only of the libelous letter is given in the information. We do not think it was essential that the information should have alleged that the letter was written in the German language in order to permit the State to introduce the letter and an authorized translation.
The law of evidence upon this subject is complied with if the matter or purport of the instrument offered conform to the purport and description thereof in the information, as was the case here.
The evidence was properly admitted.
The defendant filed a motion in arrest of judgment based on the same matters; and the same reasons, as above stated, justify the district judge in overruling it. The law did not require the libelous letter to be set out in full, or a copy of it to be contained in the information.
Judgment affirmed.
Behearing refused.